DANIEL KATZ, Respondent, *against* JOHN P. KUHN *et al.*,
Appellants.

(Decided April 5th, 1880.)

It is competent for this court, under section 1303 of the Code of Civil Procedure, where a notice of appeal has been duly given, to permit defects in an undertaking on an appeal from a judgment of the marine court to be remedied.

The granting of time for such purpose necessarily operates as a stay.

Section 1311 of the Code of Civil Procedure does not apply where the undertaking has been given before an execution has been levied.

APPEAL from an order of this court at special term, directing the return of money collected on execution.

The facts are stated in the opinion.

*Wm. G. McCrea,* for appellants.

*Julius Lipman* and *Morris Goodhart,* for respondents.

VAN HOESEN, J.—The plaintiff appealed to this court from a judgment rendered against him by the marine court, but gave an undertaking with only one surety, and failed to obtain the approval of the undertaking by any judge. Section 1334 of the Code requires that the undertaking shall be executed by at least two sureties, and be approved by a judge of the court from which the appeal is taken. The defendants then moved at the special term of this court for a dismissal of the appeal on the ground that the undertaking did not comply with the requirements of the Code, and the court ordered that the appeal should be dismissed unless a new undertaking were filed within five days. This order was made on January 5, and on January 17 the defendants, assuming that the proceedings which had been had did not stay the issuing of an execution, caused an execution to be placed in the hands of a marshal, who, by threatening to make a levy, compelled the plaintiff to

Katz *v*. Kuhn.

pay him the amount of the judgment appealed from, with the usual charges. The plaintiff, within the five days prescribed by the order of January 5, filed a new undertaking, which was duly approved, and then applied to this court for an order compelling the defendants to repay him the amount which the city marshal had collected from him under the execution. The court made the order, and the defendants have brought it before us by appeal.

The defendants insist that the undertaking first filed did not stay the proceedings, and that even though it did, it was for the court below, under section 1311, and not for this court, to supersede the levy, or, what is the same thing, compel the restoration of what was taken by virtue of the execution which issued out of the marine court.

There is no doubt that the notice of appeal was duly given, and that fact being conceded, it was competent for this court, under section 1303, to permit the defects in the undertaking to be supplied. The plaintiff might have applied for leave to remedy those defects, but when the defendants moved this court to dismiss the appeal, it became the duty of the court to determine whether the motion should be granted, or whether the omissions mentioned in the notice of motion should be supplied. It was for the court then to make an order for the immediate dismissal of the appeal, or to direct that the dismissal should be conditional upon the failure of the appellant to perfect his undertaking within a reasonable time. The latter order the court thought best to make, and thereafter the situation of both parties was the same as if the plaintiff had discovered the imperfection complained of, and had himself applied for and obtained leave to amend his undertaking. Had the appellant made the application, there can be no doubt as to the power of the court to give a reasonable time for the correction of the defects in the undertaking, nor can it be doubted that the court could prevent the respondent from nullifying the effect of its order. For example, where judgment upon an answer as frivolous is applied for, the court, when satisfied of the defendant's good faith, and that he has a meritorious defense, may give him leave to file a new answer within a

reasonable time; and until that time elapses the plaintiff, though he be not stayed by a formal stay, cannot enter up judgment as for want of an answer. The giving of time by the court for the purpose of enabling a party to correct an error operates necessarily as a stay.

The court possesses, and will exercise, the power to prevent a party from utterly destroying the value of a privilege which it has given to another party to a suit.

Section 1311 of the Code has no bearing upon the matter under consideration. That section refers to a case in which an execution has been levied before an undertaking has been given. '

The order appealed from should be affirmed, with costs and disbursements.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Order affirmed with costs.